IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:23-cr-30076-SPM |
| | ) |
| NIRAV B. PATEL, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY FOR FOREIGN-LANGUAGE COMMUNICATIONS**

The United States of America, by and through Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Steven D. Weinhoeft and Peter T. Reed, Assistant United States Attorneys for said district, pursuant to Rule 16(a)(1)(G), hereby provide notice of its intent to utilize the following expert witnesses at trial regarding foreign-language communications in this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

The superseding indictment charges the defendant Nirav B. **PATEL** with acting as a courier for a group of scammers, driving across the Midwest to take shoeboxes containing large sums of money (and other assets like gold bars) from unwitting elderly victims. *See* Superseding Indictment, Doc. 39, at 1-3. A group of scammers contacted elderly victims across the Midwest by email and phone, identified themselves as law enforcement, told victims a fraudulent story about how the victims' financial information had been compromised, and convinced the victims they needed to send their remaining money to authorities to avoid future thefts. *Id*. at 1-2. Convinced the story was true, the victims agreed to pull money out of the bank and turn it over to the scammers. *Id*.

**Nirav PATEL** admitted to agents he entered the United States illegally in early 2022 (Count 5) and ended up in the Chicago area. *Id*. at 7. The government's evidence will cover six times

1

**PATEL** drove from his residence in the Chicago area to pick up a box containing a large sum of money or other assets from elderly victims:

(1) **PATEL** drove to Merrill, Wisconsin (near the middle of the state), in late November 2022 to take a box containing about $29,000 cash from 70-year-old K.E.

(2) **PATEL** drove to Franklin, Indiana (near Indianapolis), in late November 2022 to take a box containing $188,000 in gold from 79-year-old V.L., who was in an assisted-living facility at the time.

(3) **PATEL** again drove to Franklin, Indiana, a week later to take a second box from V.L., this time containing about $24,500 cash.

(4) **PATEL** again drove to Merrill, Wisconsin, on December 2, 2022, to take another box from K.E., this time expected to contain $75,000 cash. **PATEL**, however, was stopped by law enforcement and eventually let go.

(5) **PATEL** drove to Edwardsville, Illinois, in early April 2023 to take a box containing about $51,900 from 86-year-old V.B.

(6) **PATEL** again drove to Edwardsville, Illinois, on April 20, 2023, to take a box from V.B. expected to contain about $35,000 cash. **PATEL** was again stopped by law enforcement and this time detained.

At trial, the government will introduce a number of incriminating statements made by **PATEL**. Not all of these communications are in English or exclusively in English. During the course of this scheme to defraud, **PATEL** communicated with other members of the conspiracy and scheme to defraud using calls and messages in a cell phone application called "WhatsApp." These communications are a mix of English and an Indian dialect, Gujarati. **PATEL** also spoke with law enforcement several times. Many of these communications are in English. However, one of **PATEL's** recorded interviews was conducted in Hindi with a bilingual HSI agent.

## DISCUSSION

### A. Legal Framework

A portion of the evidence in this case will involve English translations of these foreign language communications. As explained below, such topics are suitable for expert testimony.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony, and it provides that such testimony is appropriate if specialized knowledge will assist the jury "to understand the evidence or to determine a fact in issue." This language makes no distinction between "scientific" knowledge and "technical" or "other specialized" knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). It makes clear that any such knowledge might become the subject of expert testimony. *Id*.

A witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. To qualify as an expert and offer expert testimony, a witness must possess "knowledge, skill, experience, training, or education" on the subject about which they are testifying. Fed. R. Evid. 702.

The government's expert disclosures are governed by Fed. R. Crim. P. 16(a)(1)(G). The Rule was amended effective December 1, 2022. The amended Rule 16 requires that expert disclosures include "a complete statement of all opinions" that the parties will elicit from the witnesses, as well as "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii). The disclosures must also include "a list of all publications authored in the previous 10 years" and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." *Id*. The Rule also requires that the witness approve and sign the disclosure.

Fed. R. Crim. P. 16(a)(1)(G)(v).[1]

### B. Anticipated Testimony: Anar Bhatt

The government intends to call Anar Bhatt to testify about translations of text messages between Defendant Patel and his coconspirators made in the Gujarati language. Mr. Bhatt has been employed as a Gujarati interpreter and translator with Lionbridge Translation Services since 2010, He also has worked for other translation services including Language Line Solutions and Certified Languages International. He is a court eligible and qualified interpreter in Gujarati and other languages in a number of states, including Maryland, North Caorlina, Virginia, Arkansas, Delaware, Wyoming, Kentucky, Minnesota, and Maine. He received his Bachelor of Law degree (1991) and Bachelor of Commerce (1987) from Gujarat University in India. Ms. Kesar has not testified as an expert at trial or by deposition in the previous four years. A full resume has been separately sent to defense counsel. Mr. Bhatt will testify that, in his opinion, the translations from Gujarati into English are true and accurate.

### C. Anticipated Testimony: Gurdeep Kesar

The government intends to call Gurdeep Kesar to testify about a translation of an interview between Defendant Patel, agent Kaur, and others conducted in the Hindi language. Ms. Kesar is a native Hindi speaker and has been employed as a Hindi interpreter and translator with Lionbridge Translation Services since October 2008. She received her undergraduate degree from Guru Nanak University in India (1972), dual majoring in Education and English Literature. Ms. Kesar has not

---

[1] The Court Interpreters Act, 28 U.S.C. § 1827, and Federal Rule of Evidence 604 govern interpreters *of court proceedings*. They do not govern testimony regarding translations of *out-of-court* statements like those at issue here. *See United States v. Alharbi*, 2024 WL 939629, *2 (2d Cir. 2024) ("By their plain terms, then, neither the Court Interpreters Act nor Rule 604 applies to a law enforcement officer's out-of-court interview of a suspect, witness, or victim."); *see also* Wright & Miller, § 6053 Scope—"Interpreter", 27 Fed. Prac. & Proc. Evid. § 6053 (2d ed.) ("Rule 604 also does not apply to witnesses who take the stand and testify concerning the meaning in English of documents or other out of court statements. These are conventional expert witnesses who are subject to cross-examination, Rule 702, and the requirements of Rule 603.").

4

testified as an expert at trial or by deposition in the previous four years. A full resume has been separately sent to defense counsel. Ms. Kesar will testify that she has to the best of her abilities made true and faithful translations into English of the interview in Hindi.

### D. Anticipated Testimony: S.A. Harleen Kaur

The United States intends to call Special Agent Harleen Kaur with Homeland Security Investigations (HSI). Agent Kaur is a native speaker in the Hindi language. She is also the case agent for the investigation into this India-based fraud ring. The United States will call agent Kaur as a fact witness to testify about her role in the investigation. During the course of the investigation agent Kaur conducted some interviews in Hindi, including an interview with the Defendant, Nirav Patel.

The government's position is that Agent Kaur acts as a fact witness, not an expert witness, when she testifies (in English) about her interview with Defendant Patel (in Hindi). This is particularly true since Mr. Kesar can separately testify about the accuracy of her translations of the same interview. But out of an abundance of caution, the government notices agent Kaur as an expert for that portion of her testimony. Just as a bilingual DEA agent might testify about conversations the agent had with a Spanish-speaking defendant, agent Kaur will testify about the conversations she had with Defendant Patel in Hindi. *See United States v. Pedroza*, 269 F.3d 821, 824 (7th Cir. 2001) (noting bilingual agent communicated with defendant in Spanish during stop); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001) (holding bilingual agent may properly testify as an expert about translations of Spanish-language tapes). Nonetheless, agent Kaur is qualified as an expert in Hindi. She is a native Hindi speaker certified through HSI in the Hindi language, and her work in federal law enforcement has routinely involved her bilingual abilities. Ms. Kaur has not testified as an expert at trial or by deposition in the previous four years. A resume has been separately sent to defense counsel.

                                                                Respectfully submitted,

                                                                RACHELLE AUD CROWE
                                                                United States Attorney

                                                                */s/ Peter T. Reed*
                                                                PETER T. REED
                                                                STEVEN D. WEINHOEFT
                                                                Assistant United States Attorneys
                                                                9 Executive Drive
                                                                Fairview Heights, IL 62208
                                                                Tel: (618) 628-3700
                                                                Email: Peter.Reed@usdoj.gov

**Witness Attestations**

**/s/ *Anar Premal Bhatt* (with consent)**
Anar Premal Bhatt

**/s/ *Gurdeep Kesar* (with consent)**
Gurdeep Kesar

***/s/ Harleen Kaur* (with consent)**
S.A. Harleen Kaur

6