IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 3:23-CR-30076-SPM |
| ) | |
| NIRAV B. PATEL, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR EVIDENCE DEPOSITION**

The United States of America, by and through its attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Peter T. Reed, Assistant United States Attorney for said district, respectfully moves this Court to enter an order authorizing the deposition of Sergeant Justin Towell in advance of trial.

**I.   Introduction.**

Sergeant Towell was the officer in charge during a sting operation in Edwardsville leading to the arrest of Defendant Nirav Patel, and was the officer who mirandized Patel on the scene and drove Patel to the station. While in the vehicle, Patel volunteered several incriminating statements. Sgt. Towell is a member of the National Guard and indicated today that he had received orders from the National Guard to return to active duty starting January 4, 2025 and will be stationed in Germany. Trial in this case is currently set for January 21, 2025.

Rule 15 authorizes the deposition of witnesses to preserve testimony for trial upon the Court's finding that the deposition is taken "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. Pro. 15(a). Sgt. Towell's deployment easily meets that standard. *See United States v. Cannon*, 539 F.3d 601, 603 (7th Cir. 2008) (affirming the pretrial deposition of a law enforcement witness under Rule 15 because of military deployment against a

1

Confrontation Clause challenge). The undersigned conferred with defense counsel today, and defense counsel indicates the Defendant has no objection to this motion so long as an interpreter is present for the deposition.

## BACKGROUND

**A. Patel continued picking up cash from elderly victims on behalf of fraudsters even after getting pulled over in Wisconsin.**

The superseding indictment charges the defendant Nirav B. **PATEL** with acting as a courier for a group of scammers, driving across the Midwest to take shoeboxes containing large sums of money (and other assets like gold bars) from unwitting elderly victims. *See* Superseding Indictment, Doc. 39, at 1-3. A group of scammers contacted elderly victims across the Midwest by email and phone, identified themselves as law enforcement, told victims a fraudulent story about how the victims' financial information had been compromised, and convinced the victims they needed to send their remaining money to authorities to avoid future thefts. *Id*. at 1-2. Convinced the story was true, the victims agreed to pull money out of the bank and turn it over to the scammers. *Id*.

The government's evidence will show **PATEL** repeatedly drove from his residence in the Chicago area to pick up a box containing a large sum of money or other assets from elderly victims in November-Decmber 2022. **PATEL** drove to Merrill, Wisconsin (near the middle of the state), in late November 2022 to take a box containing about $29,000 cash from 70-year-old K.E. **PATEL** drove to Franklin, Indiana (near Indianapolis), in late November 2022 to take a box containing $188,000 in gold from 79-year-old V.L., who was in an assisted-living facility at the time. And **PATEL** again drove to Franklin, Indiana, a week later to take a second box from V.L., this time containing about $24,500 cash. Then, on December 2, 2022, **PATEL** again drove to Merrill, Wisconsin, to take another box from K.E., this time expected to contain $75,000 cash.

This time, however, law enforcement was waiting for him. **PATEL** was pulled over by law enforcement when he reached the victim's residence. When questioned by law enforcemen about why he was there, however, **PATEL** initially claimed he was a "musician." When that did not work, he admitted he was there to pick up a package, but claimed he had no idea what was going on.

Soon after, in April 2023, **PATEL** drove to Edwardsville, Illinois, to take a box containing about $51,900 from 86-year-old V.B. **PATEL** again drove to Edwardsville, Illinois, on April 20, 2023, to take a box from V.B. expected to contain about $35,000 cash. **PATEL** was again stopped by law enforcement and this time detained. The victim, V.B., had reported the fraud to the Edwardsville Police Department, which set up a sting at V.B.'s residence to catch **PATEL** in the act.

**B.     Sergeant Towell orchestrated the sting operation in Edwardsville that led to Patel's arrest.**

Sergeant Justin Towell was the officer with the Edwardsville Police Department who orchestrated the sting that led to **PATEL**'s arrest. He will testify that he was on duty when V.B. and her daughter came to the station the morning of April 20, 2023, and he talked with them. While talking with them, a scammer identifying himself as "Timothy" called V.B.'s phone. "Timothy" was calling about picking up more money from V.B. "Timothy" sent someone to pick up the money from V.B. that same day. Sergeant Towell set up a sting to catch whoever came to take V.B.'s money. At 1939, Sgt. Towell heard "Timothy" direct V.B. to go outside with the box of money. Minutes later, **PATEL** pulled up in front of V.B.'s residence. V.B. walked out a box containing the cash and placed it in **PATEL**'s vehicle. When **PATEL** began pulling away, law enforcement stopped the vehicle and placed him under arrest. Sgt. Towell, who had been in the residence with V.B. throughout the day, came out and took custody of **PATEL**. He handcuffed

him, advised him he was under arrest, and put him in the back of his police cruiser. While **PATEL** was in the vehicle, "Timothy" called again and angrily confronted Sgt. Towell. **PATEL**'s time in the vehicle was captured by the dashcam. Sgt. Towell also personally drove **PATEL** to the station. During this time, **PATEL** made several incriminating statements, including again claiming he was a "musician", asserting he "had no idea" what was going on (just as he had claimed in Wisconsin) and claiming this was his "first time" (despite his earlier apprehension and questioning in Wisconsin).

### C. Sergeant Towell's unavailability.

Today the government learned that Sergeant Towell has been ordered to return to active duty. Sergeant Towell is in the National Guard. He learned this week that he is being recalled to active duty starting January 4, 2025 for a period of 10-months with the possibility it will be extended. He will be stationed in Germany. Sergeant Towell anticipates that while he is on active duty, he will be unable to return to East St. Louis for trial the week of January 21.

### ARGUMENT

Rule 15's standard for pretrial deposition is satisfied here because of Sergeant Towell's deployment. Pretrial deposition of a witness in a criminal case is governed by Feeral Rule of Criminal Procedure 15. Rule 15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. of Crim. Pro. 15(a). "The government bears the burden of demonstrating that its witness is unavailable to testify at trial." *United States v. McGowan*, 590 F.3d 446, 454 (7th Cir. 2009).

To determine whether exceptional circumstances justify the taking of a Rule 15(a) deposition, courts consider whether (1) the witness is unavailable, (2) the witness's testimony is material to the movant's case; and (3) an injustice to the non-moving party results from taking the

4

deposition. *See United States v. Sandoval*, No. 94-cr-714, 1997 WL 566252, at *1 (N.D. Ill. 1997) (citing *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995)).

That standard is met here.

First, Sergeant Towell is unavailable to testify at trial. A witness is unavailable under Rule 15(a) when a "substantial likelihood" exists that the proposed deponent will not be available to testify at trial. *See United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) ("Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial.").

Here, Sergeant Towell has been ordered by the armed forces to be in Germany (not in southern Illinois) during the dates of trial in this case. It is hard to think of circumstances more "exceptional" than a witness on active duty serving our country. He is being sent overseas. Given his orders, there is at least a substantial likelihood that Sergeant Towell will be unavailable to testify. Thus, Sergeant Towell's deployment constitutes exceptional circumstances, and it is undoubtedly in the interest of justice that his testimony be taken and preserved for trial.

The circumstances here are very similar to *United States v. Cannon*, 539 F.3d 601 (7th Cir. 2008). There, a DEA agent was deployed overseas prior to trial. *Id*. at 603. The district court granted the government's request under Rule 15 to take his testimony by videotaped deposition prior to trial and before he left the country. *Id*. ("Videotaped testimony is the exception in criminal trials, but the district court allowed it here because Jackson was in the Marine Corps Reserves and was deployed to Iraq before the start of trial, thus satisfying the 'exceptional circumstances' requirement of Rule 15 of the Federal Rules of Criminal Procedure."). On appeal, the Seventh Circuit rejected the Defendant's claims of unfair prejudice and the Confrontation Clause. *Id*. at

5

603 ("Agent Jackson was deployed to Iraq before trial, and the district court granted the government's request under Rule 15 . . . to take his testimony by videotaped deposition before he left the country. Cannon was present with his counsel during the deposition, and Jackson was subjected to full cross-examination. . . . and we have previously upheld the use at trial of Rule 15 depositions against Cnfrontation Clause challenges.").

Second, Sergeant Towell's testimony is material to the government's case. Here, the government anticipates that Sergeant Towell will testify about the scammer calls he heard and even about one call where he personally spoke with one of the scammers on the phone. He will testify about setting up the sting. He will testify about arresting **PATEL**. And he will lay foundation for admission of the dashcam video and the statements **PATEL** made to Sergeant Towell on the way to the station. All of this certainly makes his testimony material.

Third, there is no injustice to Defendant Patel. Rule 15 directs that the defendant has a right to be present at the deposition with defense counsel and that defense counsel be given an opportunity for cross examination. Fed. R. Crim. Pro. 15(b)-(c). The parties are working to ensure an interpreter is available for the defendant as needed. As the Seventh Circuit has explained, a videotaped deposition can be sufficient to allow the jury "to full experience [a witness's] testimony, to view her demeanor, to hear her voice and to determine her credibility." *McGowan*, 590 F.3d at 456. There is no injustice here.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to grant this motion for the parties to take Sergeant Towell's testimony by deposition.

>
> Respectfully submitted,
>
> RACHELLE AUD CROWE
> United States Attorney
>
> /s/ *Peter T. Reed*
> PETER T. REED
> Assistant United States Attorney
> Nine Executive Drive
> Fairview Heights, IL 62208
> Peter.Reed@usdoj.gov
> 618-628-3700