Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The superseding indictment in this case charges that the defendant committed the crimes of conspiracy to commit wire fraud and mail fraud (count 1), wire fraud (counts 2 through 4), and illegal entry (count 5). The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

You have heard evidence that before the trial, a witness made statements that may be inconsistent with their testimony here in court.  You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

You have heard evidence that before the trial, the defendant made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever a defendant said in the earlier statement.

You have heard testimony that the defendant made statements to law enforcement. You must decide whether the defendant actually made the statements and, if so, how much weight to give to the statements.  In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statements may have been made.

During the trial, Hindi and Gujarati language recordings were admitted in evidence. You were also given English transcripts of those recordings so you could consider the contents of the recordings. It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Hindi or Gujarati languages. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The Superseding Indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime.  The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately.  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Count 1 of the indictment charges the defendant with conspiracy to commit wire fraud and mail fraud.  In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      The conspiracy to commit wire fraud or mail fraud existed; and

2.      The defendant became a member of the conspiracy with an intention to further that conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the defendant, then you should find the defendant not guilty of that charge.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime.  A conspiracy may be proven even it its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.

If conspirators have a plan that calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

Counts 2, 3, and 4 of the superseding indictment charge the defendant with wire fraud. In order for you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt as to each charge:

1.     That the defendant knowingly devised or participated in a scheme to defraud, as described in Count 1; and

2.     That the defendant did so with the intent to defraud; and

3.     The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4.     That for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations, or promises charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

A false or fraudulent pretense, representation, promise, omission, or concealment is "material" if it is capable of influencing the decision of the person or entity to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat in order to cause a gain of money or property to the defendant or another or the potential loss of money or property to another.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that he believed it was highly probable that the victims were being defrauded and that he took deliberate action to avoid learning that fact. You may not find that the defendant acted knowingly if he was merely mistaken or careless in not discovering the truth, or if he failed to make an effort to discover the truth.

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Any person who knowingly aids the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

Telephone calls, mobile or cellular telephone calls, facsimiles, e-mails, instant messages, wire transfer of funds, text messages, and electronic filing of documents constitute transmission by means of wire communication.

The government must prove that a private or commercial interstate carrier or interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause the use of a private or commercial interstate carrier or cause interstate wire communications to take place, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature or that the carrier was an interstate carrier.

The defendant need not actually or personally use an interstate carrier or interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

Count Four charges that the defendants caused an interstate wire communication between the states of Indiana and Oklahoma. To convict on the wire fraud counts, you are not required to find that the wire communication alleged in that particular count passed through the Southern District of Illinois. Instead, you must find that the wire communication alleged in the indictment travelled between two different states, and that the defendant intended to defraud individuals residing in the Southern District of Illinois.

Count Five of the indictment charges the defendant with eluding examination and inspection by immigration officers.  In order for you to find the defendant guilt of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant was an alien; and

2. The defendant knowingly eluded examination and inspection by immigration officers.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt then you should find the defendant guilty.

If on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present. Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as smart phone, text messaging, instant messaging, or services like Facebook, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the Court Security Officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Page 34 of 36

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict form]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign the forms.

Advise the Court Security Officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.