Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is the United States.

The party against whom the suit is brought is called the defendant. In this action, the defendant is **Nirav B. Patel**.

The charges against Mr. Patel are in a document called an Indictment. The Indictment in this case charges that Mr. Patel committed the crimes of **one count of conspiracy to commit wire fraud** in violation of 18 U.S.C. §§ 2 and 1349**; three counts of wire fraud** in violation of 18 U.S.C. §§ 2 and 1343; and **one count of illegal entry** in violation of 8 U.S.C. §§ 1325(a)(2) and 1329. Mr. Patel has pleaded not guilty to the charges. The Indictment is simply the formal way of telling Defendant Patel what crimes he is accused of committing. It is not evidence that Defendant Patel is guilty. It does not even raise a suspicion of guilt.

Mr. Patel is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that Mr. Patel is guilty as charged. The Government has the burden of proving Mr. Patel's guilt beyond a reasonable doubt. This burden of proof stays with the Government throughout the case.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Because you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the parties, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. During the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial I may confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you will be excused from the courtroom for the same reason. I will try to limit these interruptions, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The case will proceed in the following order:

First, the Government may make an opening statement outlining its case. Mr. Patel may also make an opening statement, or he may defer the making of his opening statement until the conclusion of the Government's case. Neither of the parties is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence that the party making the statement intends to produce.

Second, the Government will introduce evidence in support of its case. At the conclusion of the Government's case, Mr. Patel may introduce evidence. Mr. Patel, however, is not obliged to introduce any evidence or to call any witnesses. If Mr. Patel introduces evidence, the Government may then introduce rebuttal evidence.

Third, I will instruct you on the law you are to apply in reaching your verdict.

Fourth, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inference they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. The Government has the right to open and to close the argument.

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Statements and arguments of counsel are not evidence in the case.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, because the jurors are the sole judges of the facts.

During this trial I will permit you to take notes, but a word of caution is in order. There is always a tendency to attach undue importance to matters one has written down. Some testimony considered unimportant at the time presented, and

thus not written down, takes on greater importance later in the trial in light of all the evidence presented. So keep in mind that your notes are only a tool to aid your own individual memory. You should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory is your greatest asset when it comes time to deliberate and render a decision in this case.