**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NIRAV B. PATEL,**<br><br>**Defendant.** | **Case No. 23-CR-30076-SPM** |

# SEALED MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Defendant Nirav B. Patel's Motion to Adjust the Restitution Payment Schedule. (Doc. 134). For the reasons stated below, Defendant's Motion is **DENIED**.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2025, a jury convicted Defendant Patel on five counts: (1) Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 2 and 1349; (2–4) Wire Fraud in violation of 18 U.S.C. § 1343; and (5) Illegal Entry in violation of 8 U.S.C. §§ 1325(a)(2) and 1329. (Docs. 39, 91). The Court sentenced Patel to a total term of imprisonment of 144 months, and imposed a special assessment of $410.00 and a restitution amount of $438,916.66. (Doc. 108). After assessing the Defendant's ability to pay, the Court placed him on a restitution schedule which required "monthly installments of $50.00 or ten percent of his net monthly income, whichever is

greater."[1] (*Id.*, p. 6). Patel appealed his conviction on May 30, 2025, and the United States Court of Appeals for the Seventh Circuit denied his appeal on May 14, 2026. (Docs. 111, 133). Patel now challenges that restitution schedule. (Doc. 134).

## ANALYSIS

In general, district courts lack jurisdiction to modify a sentence, including an imposition of restitution, unless authorized by statute. *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Under the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A–3664 ("MVRA"), the Court has such authority to modify a previously imposed restitution schedule. *United States v. Sweatt*, 85 F.4th 1240, 1242 (7th Cir. 2023); 18 U.S.C. § 3664(k). The Court cannot modify the restitution amount itself, but can modify the terms related to repayment of the imposed restitution. *United States v. Willett*, No. 06-cv-30008-JPG-3, 2026 WL 796726 at *1 (S.D. Ill. Mar. 23, 2026) (citing *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006).

The MVRA allows a district court to modify a restitution order if the defendant shows: (1) there has been a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, and (2) the interests of justice require the modification. *Mandel*, 179 F. App'x 966–67. Defendant does not make either argument, instead alleging that the "judgement cannot be enforced as written" because "mandatory participation in the Inmate Financial Responsibility Program ['IFRP']" is prohibited. (Doc. 134, pp. 2, 4). The Government

[1] The Court notes that once it concludes the Defendant cannot pay the restitution in full at once, 18 U.S.C. § 3664(f)(2) requires that the Court impose a restitution schedule. *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008).

responds that the Court's Judgment does not require Defendant participate in the IFRP, and that Patel's Motion is an attack on the imposition of the restitution itself, and thus the Court lacks jurisdiction to grant Defendant's Motion.[2] (Doc. 140, pp. 2–4).

Defendant is correct that mandatory participation in the IFRP is prohibited. *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010). However, the Government is also correct that the Court's Judgment does not require mandatory participation in the IFRP. (Doc. 140, p. 5) (citing Doc. 108 p. 6) (The language of the Judgment "merely instructs Patel that if he does not make payments through the IFRP, then he should make his 'payments to the clerk of the court.'"). Therefore, because the Judgment does not require mandatory participation in the IFRP, and because Defendant does not allege either economic changes or the interests of justice in his Motion to Amend the Restitution Payment Schedule, Defendant's Motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Adjust the Restitution Payment Schedule is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 17, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**

[2] Because the Court concludes that Defendant lacks a basis for the Court to modify his restitution payment schedule, *see infra* p. 3, it need not address whether Defendant's Motion (Doc. 134) is an attack on the imposition of restitution itself or whether it has jurisdiction to grant such a motion.